UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00042-LLK

JOSHUA HUNTER                                                                                    PLAINTIFF

v.

CAROLYN COLVIN, Commissioner of Social Security                               DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff filed a complaint seeking judicial review of the final decision of the Social Security Administration denying his claim for supplemental security income (SSI) benefits. The fact and law summaries of the parties are at Docket Numbers 8 and 13. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. This matter is ripe for determination.

Because the Administrative Law Judge's (ALJ's) decision was supported by substantial evidence, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

**The Prior Decision**

This is the second decision of the Commissioner. This Court remanded the prior decision for further administrative proceedings. See report and recommendation and order adopting report at AR, pp. 460-476. Civil Action No. 5:10-CV-00142-TBR-WDK, Docket Numbers 21 and 22.

In the first case, the ALJ died after conducting the administrative hearing, and the matter was assigned to another ALJ, who issued the Commissioner's first final decision. The Court found that the ALJ erred in: 1) determining that Plaintiff's credibility based upon a review of the transcript of the administrative hearing rather than live impressions; 2) relying upon the findings of a post-hearing medical examination that Plaintiff was not given a full and fair opportunity to comment upon and

question; 3) issuing a fifth-step denial decision in the absence of vocational testimony where the evidence indicated the Plaintiff suffers from vocationally-significant postural and mental limitations.

Upon remand, the ALJ conducted an administrative hearing with both a medical expert (psychologist Tom Wagner, Ph.D) and a vocational expert (Lowell Latto, Ph.D) being present.  The ALJ obtained an updated consultative medical examination from David Gilbert, M.D.

None of the issues resulting in the prior remand are directly relevant to the present case.

In 2004, at age 23, Plaintiff was involved in a head-on motor vehicle collision.  He continues to suffer severe physical and mental residual effects.  AR, p. 129.

Plaintiff presents three contentions upon judicial review.

### The ALJ did not err in finding that Plaintiff's impairments do not satisfy the Listing of Impairments.

First, Plaintiff argues that he is entitled to a conclusive presumption of disability because his organic mental disorder satisfies the medical criteria of Listing 12.02.

Plaintiff has the burden of proof at the third (Listing) step of the sequential evaluation process. *Blanton v. Commissioner*, 2004 WL 2320332 (6th Cir.) citing *Evans v. Secretary*, 820 F.2d 161, 164 (6th Cir.1987).

Listing 12.02 is satisfied if both the A and B criteria are satisfied, or if the C criteria are satisfied.

It is undisputed that Plaintiff's impairment satisfies the A criteria.  In completing the Psychiatric Review Technique form consistently with his testimony, Dr. Wagner found that Plaintiff suffers from psychological or behavioral abnormalities associated with a dysfunction of the brain evidenced by change in personality after the collision and loss of measured intellectual ability of at least 15 IQ points from premorbid levels.  AR, p. 890.[1]

The B criteria define the required level of severity resulting from an established brain dysfunction.  Substantial evidence supports a finding that Plaintiff's impairment does not satisfy the B

---

[1] Plaintiff's IQ went from 103 to 77.  AR, p. 1038.

criteria because, according to Dr. Wagner, Plaintiff has only mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation, each of extended duration.  AR, p. 899.[2]  The ALJ accepted Dr. Wagner's findings.  AR, p. 442.

Dr. Wagner's severity findings also support a conclusion that Part C of the Listing is not satisfied.[3]

Plaintiff further contends that the ALJ should have found that his physical impairments satisfy Section 1.00 of the Listing (Musculoskeletal System).  DN 8, p. 10 referring to AR, p. 442.  However, the argument is conclusory and fails to satisfy his burden of proof as there are eight Section 1.00 impairments.[4]

### Any staleness of the non-examining source opinions
### does not warrant judicial disturbance of the Commissioner's final decision

Second, Plaintiff argues that the ALJ's physical residual functional capacity (RFC) finding in her 2013 decision is unsupported by substantial evidence because it is based upon the ALJ's granting great weight to the opinions of the non-examining state agency program physicians, Jorge Baez-Garcia and Alex Guerrero given in 2005 and 2006.  AR, pp. 210-217, 317-324, 428.  These physicians found that Plaintiff can perform a limited range of light work.

While the ALJ's reliance upon these rather dated opinions was less than ideal, the fact remains that it was Plaintiff's burden to submit medical evidence in support of his claim.  See *Casey v. Secretary*, 987 F.2d 1230, 1233 (6th Cir.1993) ("Plaintiff has the ultimate burden of establishing the existence of a

---

[2] Part B requires at least two of the following:  1) marked restriction of activities of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration, persistence, or pace; 4) repeated episodes of decompensation, each of extended duration.

[3] Part C requires one of the following:  1) repeated episodes of decompensation; 2) even minimal increase in demands or change in environment would result in decompensation; 3) 1 year or more in a highly supportive living arrangement.

[4] Previously, this Court held that Plaintiff failed to prove that his arm fracture satisfied Listing 1.07 because he failed to document that it has not healed and has resulted in lack of functional use for at least 12 continuous months.  AR, p. 473.

disability") and 20 C.F.R. § 416.912(a)("In general, you have to prove to us that you are blind or disabled"). Plaintiff failed to obtain, in support of his disability claim, a fresh medical opinion identifying greater restrictions than previously given by Drs. Baez-Garcia and Guerrero.

Alternatively, Plaintiff's staleness argument is unpersuasive due to a lack of evidence of substantial deterioration of his physical condition after the state agency medical sources gave their opinions. In other words, Plaintiff has failed to show a reasonable probability that an updated medical opinion would have opined greater limitations. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Commissioner*, 167 Fed.Appx. 496, 507 (6th Cir.2006) quoting *Fisher v. Secretary*, 869 F.2d 1055, 1057 (7th Cir.1989). There is no evidence that a new decision would lead to a different result.

### There is no evidence that a re-weighing of the medical sources opinions would result in a different decision.

Plaintiff's third and final contention is that "[t]he Commissioner erred in failing to state with particularity the weight given to the evidence, including the different medical opinions." DN 8, p. 11.

In connection with the prior proceeding, the treating source, Gregory Maddux, M.D., opined, among other things, that Plaintiff can sit and stand/walk, respectively, for less than 2 hours per 8-hour working day and would be expected to be absent from work as a result of impairments and treatment more than four times months. AR, pp. 332 and 334. This Court affirmed the ALJ's decision to decline to give Dr. Maddux' disabling findings controlling weight. AR, pp. 472-473.

Non-treating source medical opinions (i.e., those of Drs. Gilbert, Baez-Garcia, and Guerrero) are weighed based upon the factors listed at 20 C.F.R. § 416.927(c)(1) through (6).[5]

---

[5] The factors are: (1) examining relationship; (2) treatment relationship (length of relationship and frequency of examination as well as nature and extent of treatment); (3) supportability; (4) consistency; (5) specialization; (6) other factors.

Plaintiff has failed to show how a remand for a new decision containing a more thorough articulation of the regulatory factors in relation to each medical opinion "might lead to a different result" as required by *Kornecky*, supra.

### Order

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.